IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Frankie Jones, ) | |
| ) | C/A No.: 3:13-cv-440-CMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Hobby Lobby Stores, Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Frankie Jones ("Jones") filed this action against Defendant Hobby Lobby Stores, Inc. ("Hobby Lobby") after falling in a Hobby Lobby store located on Forest Drive in Columbia, South Carolina. Jones alleges she was shopping for Christmas ornaments on December 10, 2011, when she fell after she tripped over a platform displaying artificial Christmas trees. The matter is before the court on Hobby Lobby's motion for summary judgment. ECF No. 22. Jones filed a response in opposition (ECF No. 27), to which Hobby Lobby replied (ECF No. 28). For reasons explained below, the court grants Hobby Lobby's motion for summary judgment.

**I. STANDARD**

*A. Summary Judgment*

Summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987).

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

Rule 56(c)(1) provides as follows:

(1)     A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

>   (A)     citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers or other materials; or
>
>   (b)     showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

A party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995). The non-moving party cannot create a genuine issue of material fact by presenting his or her own conflicting versions of events. *Barwick v. Celotex Corp.*, 736 F.2d 946, 960 (4th Cir. 1984) ("A genuine issue of material fact is not created where the only issue of fact is to determine which of the two conflicting versions of the plaintiff's testimony is correct.").

*B. Negligence*

To assert direct liability based on a negligence claim in South Carolina, Plaintiff must show that (1) Defendant owed her a duty of care; (2) Defendant breached this duty by a negligent act or omission; (3) Defendant's breach was a proximate cause of her injuries; and (4) she suffered injury or damages. *Dorrell v. S.C. Dep't of Trans.*, 605 S.E.2d 12, 15 (S.C. 2004) (citation omitted). "Whether the law recognizes a particular duty is an issue of law to be determined by the court." *Jackson v. Swordfish Inv., L.L.C.*, 620 S.E.2d 54, 56 (S.C. 2005) (citation omitted).

*C. Invitee*

"An invitee is a person who enters onto the property of another at the express or implied invitation of the property owner." *Goode v. St. Stephens United Methodist Church*, 494 S.E.2d 827, 831 (S.C. Ct. App. 1997). "Invitees are limited to those persons who enter or remain on land upon an invitation which carries with it an implied representation, assurance, or understanding that reasonable care has been used to prepare the premises, and make them safe for their reception." *Sims v. Giles*, 541 S.E.2d 857, 862 (S.C. Ct. App. 2001) (citation omitted). The visitor is considered an invitee especially when he is upon a matter of mutual interest or advantage to the property owner. *Parker v. Stevenson Oil Co.*, 140 S.E.2d 177, 179 (S.C. 1965); *Landry v. Hilton Head Plantation Prop. Owners Ass'n, Inc.*, 452 S.E.2d 619, 621 (S.C. Ct. App. 1994). The law recognizes two types of invitees: the public invitee and the business visitor. *Sims*, 541 S.E.2d at 862. "A public invitee is one who is invited to enter or remain on the land as a member of the public for a purpose for which the land is held open to the public." *Goode*, 494 S.E.2d at 831. A business visitor, on the other hand, is an invitee whose purpose for being on the property is directly or indirectly connected

with business dealings with the owner. *Id*.; *see also Parker*, 140 S.E.2d at 179 (the term "invitee" in premises liability cases usually means the same thing as a business visitor and refers to one who enters upon the premises of another at the express or implied invitation of the occupant, especially when he is there about a matter of mutual interest or advantage); *Hoover v. Broome*, 479 S.E.2d 62, 65 (S.C. Ct. App. 1996) ("Business visitors are considered invitees as long as their purpose for entering the property is either directly or indirectly connected with the purpose for which the property owner uses the land.").

### D.  Premises Liability

Under South Carolina law, the owner of property owes business visitors or invitees the duty of exercising reasonable and ordinary care for their safety and is liable for any injuries resulting from a breach of such duty. *H.P. Larimore v. Carolina Power & Light*, 531 S.E.2d 535, 538 (S.C. Ct. App. 2000) (citing *Israel v. Carolina Bar-B-Que, Inc.*, 356 S.E.2d 123, 128 (S.C. Ct. App. 1987)). The landowner has a duty to warn an invitee only of latent or hidden dangers of which the landowner is on actual or constructive notice. *Id*. at 538 (citing *Callander v. Charleston Doughnut Corp.*, 406 S.E.2d 361, 362-63 (S.C. 1991)).

To recover damages for injuries caused by a dangerous of defective condition on a storekeeper's premises, Plaintiff must show either (1) that the injury was caused by a specific act of Defendant which created the dangerous condition; or (2) that Defendant had actual or constructive knowledge of the dangerous conditions and failed to remedy it. *Wintersteen v. Food Lion*, 542 S.E.2d 728, 729 (S.C. 2001).

A merchant is not an insurer of the safety of its customers, but rather owes them a duty to

exercise or maintain care and to keep the premises in a reasonably safe condition. The merchant is not required to maintain the premises in such condition that no accident could happen to a patron using them. *Denton v. Winn-Dixie Greenville*, 439 S.E.2d 292 (S.C. Ct. App. 1983). "The entire basis of an invitor's liability rests upon his superior knowledge of the danger that causes the invitee's injuries. If that superior knowledge is lacking, as when the danger is obvious, the invitor cannot be held liable." *H.P. Larimore*, 531 S.E.2d at 540. A landowner is not liable for open and obvious dangers unless the landowner "should anticipate the harm despite such knowledge or obviousness" or "has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, . . . or fail to protect himself against it." *Callander v. Charleston Doughnut Corp.*, 406 S.E.2d 361, 362-63 (S.C. 1991) (internal quotation marks omitted) (alteration in original).

## II. BACKGROUND

In the light most favorable to Plaintiff, the facts are as follows. On December 10, 2011, Plaintiff was shopping with her granddaughter for Christmas decorations at Hobby Lobby on Forest Drive in Columbia, South Carolina. This was Plaintiff's first time in the Forest Drive Hobby Lobby store. Plaintiff entered the store and inquired of a customer service representative if and where the store carried ceramic ornaments. The customer service representative pointed to an aisle and indicated that the item Plaintiff sought was located on that aisle.

Plaintiff did not find what she needed on the first aisle; accordingly, she turned down another aisle bordered by a display of Christmas trees. The display was set up on a platform. The platform lip was approximately four (4) to six (6) inches from the ground, and jutted out approximately one (1) to two (2) inches from the base of the platform. As Plaintiff turned down the aisle, her foot

caught on the platform. Plaintiff fell, landing on her shoulder. No store employee witnessed her fall. Plaintiff was thereafter transported by EMS to a local hospital where she was diagnosed with multiple fractures to her shoulder.

On February 1, 2013, Plaintiff filed suit against Defendant Hobby Lobby Stores, Inc. in the Richland County Court of Common Pleas. On February 19, 2013, Defendant removed the case to this court pursuant to 28 U.S.C. § 1441 based upon diversity jurisdiction.

### III. DISCUSSION

Defendant has moved for summary judgment, contending Plaintiff has produced no evidence of a defective condition and that there is no evidence that Defendant knew or should have known that an allegedly dangerous condition existed. In opposition to Defendant's motion, Plaintiff presents three arguments: that whether Defendant kept its premises in a reasonably safe condition is a jury question which should preclude the award of summary judgment; that Defendant had a duty to Plaintiff, as an invitee, to use due care to discover, eliminate, or warn of unreasonable risks; and that Defendant had a duty to warn or protect against conditions on the premises regardless of whether the condition was latent.

*A. Condition of Premises: Jury Question?*

Plaintiff argues the question whether Defendant's premises were in a reasonably safe condition is a question for a jury to determine based upon "Defendant's failure to provide any indication as to the presence of the platform, or to mark the lip of the platform jutting out from the base." Pl's Resp. in Opp. at 5 (ECF No. 27). In support of its dispositive motion, Defendant submits a variety of photographs, taken by Defendant's store manager, Sarah Polley, several hours after the accident. *See* ECF No. 22-2 at 2-11. Plaintiff does not dispute that these photographs are an

6

accurate depiction of the platform and area in question.

Plaintiff agreed with the following contentions in her deposition: that the edge of the platform was a different color than the floor upon which it sat; that the platform had a beige or yellow band that ran around the entire perimeter of the platform; that the platform had a dark grey carpet distinguishable not only from the yellow band, but also the white floor directly beneath the platform; that no material was hanging over the edge of the platform that could obscure her view of the platform; that the platform was not in any sort of disrepair; and that she was not looking down when she was walking. Depo. of Frankie Jones at 35-39 (ECF No. 22-3 at 3-7). Plaintiff testified she was looking for merchandise on other aisles as she turned down the aisle:

> Q: Is there a reason you couldn't see that platform?
> A: I wasn't –
> Q: Or is it that you just weren't looking for it?
> A: I just was looking for what I went in the store for. . . .

*Id*. at 39.

As noted above, Plaintiff does not challenge Defendant's photographs evidencing the marking, differentiation from the floor, and general condition of the platform. Plaintiff admits there was nothing obscuring the platform and that she "didn't see anything because I wasn't looking down [toward the platform]." *Id*.

A merchant's duty to its customers is a duty to exercise or maintain care and to keep its premises in a reasonably safe condition. Based upon the evidence presented by the parties, including the photographs of the platform and Plaintiff's agreement with their depictions, no reasonable juror could find that the edge of the platform was not reasonably apparent to one exercising due care for her own safety.

*B. Duty to Use Due Care to Discover, Eliminate or Warn*

Plaintiff also argues Defendant breached its duty of due care by failing to have a store employee escort Plaintiff to the area where the decorations she sought were located (instead of directing her verbally); by failing to warn customers of the platform and its alleged dangerous conditions; and in using a platform display, particularly during the store's "busiest time of year . . . ." ECF No. 27 at 6.

Plaintiff's arguments are unpersuasive. Plaintiff points to no requirement that Defendant's employees escort invitees around its premises. Additionally, the photographs submitted by Defendant indicate the platform was clearly marked with several distinguishing features which were readily visible. As for the use of a platform display, South Carolina law requires merchants to maintain their stores in a reasonably safe condition, not to maintain the premises in a condition such that no accident could happen to a patron using them. *Denton v. Winn-Dixie Greenville*, 439 S.E.2d 292 (S.C. Ct. App. 1983).

*C. Duty to Protect or Warn Against Latent Condition*

Finally, Plaintiff argues Defendant had a duty to warn its invitees of the platform as it was "a condition that Defendant knew or should have known may cause an injury . . . ." ECF No. 27 at 8. Plaintiff maintains that Defendant knew or should have known that shoppers would be distracted when shopping for specific items during a particularly busy time of year, and that Defendant should have taken steps different from those taken to alert shoppers to the condition.

Plaintiff fails to establish Defendant knew or should have known that the platform might cause an injury. There is no evidence there were any accidents involving the platform prior to December 10, 2011, and the photographs presented by Defendant, which Plaintiff does not challenge,

8

evidence a well-lighted area, with the platform clearly marked and its edges unobscured.

### IV. CONCLUSION

For reasons set forth above, Defendant's motion for summary judgment is **granted** and this matter is dismissed with prejudice.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina  
November 6, 2013